UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MEREDITH REDDING,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY,
INC. COLLEGE OF OSTEOPATHIC
MEDICINE and PATRICIO BRUNO,
an individual,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MEREDITH REDDING ("REDDING") by and through her undersigned counsel, files this, her Complaint against Defendants, NOVA SOUTHEASTERN UNIVERSITY, INC. COLLEGE OF OSTEOPATHIC MEDICINE, ("NOVA"), and PATRICIO BRUNO, ("BRUNO"), and in support thereof states as follows:

### I.    INTRODUCTION

1. Plaintiff brings this action against NOVA to remedy intentional discrimination that Plaintiff suffered on the basis of her disability in violation of the Rehabilitation Act, 29 U.S.C. 705, et seq. and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12132.

2. Plaintiff brings this action against BRUNO to remedy defamatory statements made by him against her.

## II.     JURISDICTION

3. This is an action for relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §1281, et. seq. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343.

4. The defamatory actions were intertwined with NOVA's actions, and therefore, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

## III.     VENUE

5. Venue lies in this Court pursuant to 28 U.S.C. §1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the transaction or occurrence giving rise to this cause of action occurred in Broward County, Florida.  Venue is proper in this District because both the Plaintiff attends school in Broward County, and the corporate Defendant resides in Broward County and the actions which are the subject matter of this lawsuit occurred there.

## IV.     PARTIES

6. At all times material hereto, Plaintiff, REDDING, was a qualified person with a disability. She suffers from moderate to severe Crohn's disease, which constitutes a significant physical impairment which limits her in one or more major life activities, including but not limited to, digestion.

7. NOVA is a private University.

8. NOVA is a University which accepts thousands of dollars each year from the United States government, thereby subjecting it to the duties and responsibilities set forth in the Rehabilitation Act, 29 U.S.C. § 705, et seq.

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

9. PATRICIO BRUNO is a physician, and was Director of Medical Education at Florida Hospital East Orlando, ("FHEO"). BRUNO was responsible for overseeing REDDING's education during her rotations at FHEO.

## V.   STATEMENT OF FACTS

10. In 1994, REDDING was diagnosed with moderate to severe Crohn's disease.

11. In 2000, REDDING began her attendance at Penn State University.

12. In the spring of 2002, Plaintiff was hospitalized on multiple occasions due to her Crohn's disease.

13. In 2006, REDDING overcame her disease and graduated from Penn State University.

14. REDDING was able to graduate from Penn State with the support of her family, friends and the school.

15. In 2008, REDDING was accepted into NOVA and began medical school.

16. In May, 2009, REDDING successfully completed her first year at medical school.

17. REDDING began her second year of medical school in September, 2009. Soon thereafter her Crohn's disease severely affected her health. She was hospitalized on October 16, 2009; November 8-12, 2009; November 19-22, 2009; November 24-27, 2009.

18. Due to her hospitalizations, REDDING sought assistance and guidance from the school administrators. One person REDDING talked to was Dr. Hilda DeGaetano, who stated to REDDING: "We don't accommodate."

19. Through her difficult fact finding mission to acquire some level of assistance by NOVA, REDDING was put in touch with one of NOVA's attorneys, Raymond Ferraro. REDDING was able to reattempt her second year, however, her grades were to be maintained as failures.

P a g e | 3

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

20. Due to her health, and NOVA's failure to provide assistance or accommodation, in September, 2010, REDDING again attempted to complete her second year of medical school.

21. In October, 2010, REDDING was again hospitalized due to an exacerbation of her Crohn's disease.

22. As REDDING was forced to miss several exams due to her disease, she requested that she be allowed to take a make-up exam, similar to the one that she missed.  Her request was denied.  This resulted in REDDING being forced to take an essay exam that continuously resulted in lower grades, as well as the inability to be part of the normal grade curve available to students that took the regular examinations.

23. Although she was ill for the remainder of the school year, she continued to attend class.

24. In December, 2010, she was required to take her make-up exams in her Gastrointestinal and Respiratory classes.  She was too ill to take the make-up exams.

25. REDDING submitted a doctor's note to be excused from her exams.

26. REDDING was not given a make-up exam for her Respiratory exam, and instead failed the class.

27. REDDING was allowed to take her Gastrointestinal make-up exam in the Spring, however, she instead made up the entire class as she was forced to take medical leave for the Spring semester.

28. REDDING was hospitalized again in June, 2011.

29. In the Fall Semester, 2011, REDDING took three second year courses.

30. In the Spring Semester, 2012, REDDING's disease acted up.

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

31. On the day REDDING was to take three (3) exams, her disease flared up and she was directed to immediately go to the emergency room.

32. REDDING again made the reasonable request to take the three (3) exams in the same format as her classmates, and NOVA denied the request.

33. REDDING failed the three (3) exams.

34. In May, 2012, REDDING was directed to appear in front of the Student Progress Committee.

35. In June, 2012, REDDING was dismissed from NOVA.

36. REDDING appealed the dismissal, and on July 25, 2012, REDDING attended her appeal hearing.

37. In August, 2012, REDDING received a letter from NOVA overturning her dismissal.

38. In September, 2012, REDDING returned to school.

39. Soon thereafter, REDDING met with the school's ADA liaison and presented her request for accommodation.

40. In October, 2012, REDDING received a letter from NOVA notifying her that her request for accommodation was to be granted, but she needed the Dean of Preclinical Affairs, Dr. Margret Wilkinson, to approve the request.

41. In February, 2013, Dr. Wilkinson contacted REDDING, and directed her to sign a document containing NOVA's new "accommodations".  These new accommodations ignored the previous request made by REDDING, and instead simply allowed REDDING extra time for her to take her exams and the ability to take frequent bathroom breaks.  These were not really accommodations for her disease.

P a g e | **5**

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

42. Dr. Wilkinson demanded that REDDING sign the form. REDDING asked why the accommodations were changed and Dr. Wilkinson became angry and again demanded that Redding sign the form, so she obliged.

43. In the summer of 2013, REDDING began her third year, conducting rotations, wherein the student rotated to different medical specialties.

44. REDDING began her surgical rotation in July, 2013.

45. REDDING successfully completed the rotation July 25, 2013.

46. In August, 2013, REDDING began her pediatrics rotation.

47. Soon thereafter, REDDING was forced to take medication to help her treat nausea related to her Crohn's disease. The drug caused REDDING to feel disoriented.

48. REDDING contacted 2nd year Chief Resident, Jayde Pickel, and was told that she sounded incoherent and could not see patients.

49. The next day, REDDING's disease acted up, debilitating her.

50. The following day, two police officers came to REDDING's residence for a welfare check, directed by Dr. BRUNO, Director of Medical Education.

51. REDDING reported to the hospital and met with BRUNO. BRUNO instructed REDDING that he wanted her to attend to her health, intended on returning her to NOVA and told her that he did not intend on failing her in her pediatrics rotation.

52. The following day REDDING received a telephone call from Dr. Wallace, informing her that she was not to return to clinical duties and immediately placed on administrative leave.

53. On August 9, 2013, REDDING received a telephone call from NOVA's head of student progress committee and was informed that she had failed both her surgical and pediatric rotation.

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

54. On August 14, 2014, REDDING saw a different evaluation than those that had already been approved.  The new evaluation indicates that REDDING failed the surgical and pediatric rotations.

55. Dr. BRUNO falsified REDDING's Surgical 1 Clinical Rotation Evaluation.  Dr. BRUNO made false statements on her evaluation.

56. Dr. BRUNO's acts and/or omissions set forth herein constitute conduct on his part demonstrating a willful and wanton indifference to the protected rights of REDDING, so as to entitle REDDING to receive an award of punitive damages to punish BRUNO and to deter him from such conduct in the future.

57. NOVA either failed to inform Dr. BRUNO of REDDING's need for accommodation due to her disease, or informed Dr. BRUNO and allowed Dr. BRUNO to continue failing to provide REDDING with any type of accommodation.

58. On August 16, 2014, REDDING appeared in front of the Student Progress Committee.

59. On September 6, 2014, REDDING received a telephone call from Dr. Wallace stating that she had been dismissed.

60. On September 12, 2014, REDDING received her dismissal letter.

61. On November 7, 2014, REDDING was instructed that her appeal hearing was set for November 14, 2014.  REDDING was also instructed that she was not permitted to discuss her clinical evaluations or her request for accommodations pursuant to the ADA.

62. On November 14, 2014, REDDING attended her appeal hearing.  She was not entitled to legal representation at this appeal hearing.

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

63. On November 24, 2014, REDDING received a letter from NOVA confirming her dismissal.  The letter did not contain an explanation for her dismissal.

64. REDDING was subjected to bias and retaliation due to her disability.

65. NOVA failed to implement or outright ignored REDDING's multiple requests for reasonable accommodations.

66. Further, NOVA's acts and/or omissions set forth herein constitute conduct on the part of NOVA demonstrating a willful and wanton indifference to the protected rights of REDDING, so as to entitle REDDING to receive an award of punitive damages to punish NOVA and to deter it from such conduct in the future

67.  REDDING has retained the Law Firm of Rosenfeldt & Birken, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for their services.

## STATEMENT OF CLAIM

### COUNT I:  VIOLATION OF REHABILITATION ACT (NOVA)

Plaintiff realleges and reavers all preceding paragraphs and further alleges as follows:

68. By failing to permit REDDING the benefit of a reasonable accommodation which cost NOVA nothing, NOVA intentionally discriminated against REDDING on the basis of her disability in violation of 29 U.S.C. § 794.

69. As a result of NOVA's intentional discriminatory acts, REDDING has been damaged in that she has suffered significant pain, anguish and humiliation.  Additionally, she has been defamed, forced to incur more debt than was reasonably necessary and was ultimately dismissed from NOVA.

P a g e | 8

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

70. REDDING has been required to engage the services of the undersigned law firm and is entitled to recover attorneys' fees pursuant to 29 U.S.C. § 794 (a).

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

a. Lost wages;

b. Emotional and physical distress;

c. Pain and suffering;

d. Award Plaintiff's attorneys' fees pursuant to 29 U.S.C. § 794; and

e. Whatever other and further relief this Court deems just and proper.

### COUNT II:  VIOLATION OF AMERICANS WITH DISABILITIES ACT TITLE III (NOVA)

Plaintiff realleges and reavers paragraphs 1 through 67 and further alleges as follows:

71. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

72. Congress specifically found, inter alia, that[1]:

　i. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

　ii. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

---

[1] 42 U.S.C. § 12101(a)(1) - (3), (5), and (9).

P a g e  | 9

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

    iii. Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    iv. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

    v. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

73. Congress explicitly set forth the purpose of the ADA; to wit[2]:

    i. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    ii. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

---

[2] 42 U.S.C. § 12101(b)(1)(2) and (4).

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

      iii.    Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

74. As set forth above, REDDING has been discriminated against by NOVA due to her disability because NOVA intentionally failed to permit REDDING certain accommodations.

75. REDDING has or is not required to exhaust any administrative procedures as a condition of bringing this action.

76. By failing to provide Plaintiff with the reasonable accommodations that she sought, Defendant intentionally discriminated against her in violation of 42 U.S.C. § 12132 and REDDING's damages are a proximate result of such discrimination.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

    a. Lost wages;

    b. Consequential damages;

    c. Emotional and physical distress;

    d. Pain and suffering;

    e. Award Plaintiff's attorneys' fees pursuant to statute; and

    f. Whatever other and further relief this Court deems just and proper.

P a g e | 11

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

## COUNT III:  DEFAMATION (BRUNO)

Plaintiff realleges and reavers paragraphs 1 through 67 and further alleges as follows

77. BRUNO falsified REDDING's Surgery 1 Clinical Rotation Evaluation.

78. BRUNO falsely accused REDDING of having three (3) absences without notification and exhibiting unprofessional behavior.

79. The false evaluation was published to and relied upon by third parties.

80. The false statements made by BRUNO damaged REDDING.

81. BRUNO's actions evidence express malice.

82. BRUNO's actions were willful, wanton, knowing and in reckless disregard of REDDING's rights.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

   a. Consequential damages;

   b. Emotional and physical distress;

   c. Pain and suffering;

   d. punitive damages;

   e. Award Plaintiff's reasonable costs pursuant to statute; and

   f. Whatever other and further relief this Court deems just and proper.

## TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable by right.

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com

Respectfully submitted,

/s/Shawn Birken
Shawn L. Birken, Esq.
Florida Bar No.: 418765
Email: sbirken@randb-law.com
ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300
Fort Lauderdale, Florida  33394
Direct Dial: 954-990-4459
Fax: 954-990-4469

C:\shares\Redding v. Nova\Complaint.docx

P a g e | 13

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.randb-law.com