UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-cv-60545-MARRA

MEREDITH REDDING,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY,
INC. COLLEGE OF OSTEOPATHIC
MEDICINE and PATRICIO BRUNO,
an individual,

    Defendants.
_____/

## PLAINTIFF'S MOTION COMPEL BETTER ANSWERS TO INTERROGATORIES AND BETTER RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, NOVA SOUTHEASTERN UNIVERSITY, INC. COLLEGE OF OSTEOPATHIC MEDICINE

Plaintiff, MEREDITH REDDING ("REDDING"), by and through undersigned counsel, files this, her Motion to Compel Better Answers to Interrogatories and Better Responses to First Request for Production of Documents to Defendant, NOVA SOUTHEASTERN UNIVERSITY, INC. COLLEGE OF OSTEOPATHIC MEDICINE ("NSU"), and in support thereof states as follows:

1. Plaintiff filed her Amended Complaint against NSU to remedy intentional discrimination that Plaintiff suffered on the basis of her disability in violation of the Rehabilitation Act, 29 U.S.C. 705, et seq. and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12132. Plaintiff also brought claims against BRUNO to remedy defamatory statements made by him against her.

2. On June 27, 2014, Redding propounded her First Set of Interrogatories on NSU.

3. On June 27, 2014, Redding propounded her First Request for Production on NSU.

P a g e | 1

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.randb-law.com

Case 0:14-cv-60545-KAM   Document 27   Entered on FLSD Docket 08/25/2014   Page 2 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.: 14-cv-60545-MARRA
**Page 2**

4. On July 28, 2014, NSU served its answers to Redding's First Set of Interrogatories.

5. On July 28, 2014, NSU served its Response to Redding's First Request for Production.

6. In Interrogatory 7, Redding sought whether NSU had been previously sued for dismissing a student in the past five (5) years. NSU set forth uniform objections and refused to provide the information.

7. Whether NSU had been sued for dismissing a student; the grounds for the termination; the grounds for the lawsuits; the ultimate findings of the lawsuits; the name of other students that were treated improperly by NSU are all relevant, and will clearly lead to the discovery of admissible evidence, and the information should be provided.

8. In Request for Production 17, Redding seeks grades for make-up exams from 2008 through November 2013, and agreed to enter into a protective order to protect the identity of the students. NSU set forth its general objections stating that it was overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9. One of Redding's claims was that she was not provided reasonable accommodations. Because of her health issues, Redding missed several exams, and was therefore forced to take make-up exams. Redding would do very well on the original exams and poorly on the make-up exams. It is believed that the make-up exams were created to be more difficult. Redding is seeking proof to support this belief. If Redding was forced to take these more difficult make-up exams due to her disability, then that would show that NSU discriminated against her because of the disability as similarly situated non-disabled students did not have to take the more difficult make-up exams.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 27   Entered on FLSD Docket 08/25/2014   Page 3 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 3**

10. In Request for Production 36, Redding seeks her own disciplinary records, counseling records or other critical matter.  NSU objected stating that the information was too broad in time and only agreed to produce documents pertaining to her dismissals, not all of her disciplinary records.

11. Redding's disciplinary history, or lack thereof, is relevant to show her history as a student, whether she had similar issues than those for which she was dismissed, whether there were any other disciplinary issues or for a multitude of reasons helpful in fleshing out her time with NSU.

12. In Request to Produce #38, Redding seeks internal emails or correspondence wherein she was discussed.

13. Nova objected that the information sought was overbroad, unduly burdensome, and somehow not reasonably calculated to lead to the discovery of admissible evidence.

14. Emails or documents discussing Redding from employees of NSU clearly lead to the discovery of admissible evidence.  As to the overbroad and unduly burdensome (blanket) objections, capturing emails with modern technology is rather simple.  As with any email system, all NSU would have to do is direct the proper employees to do a search of the inbox and sent emails with Redding's name.

15. Lastly, NSU has not produced any of the responsive documents set forth in their Response and the service email, which states that the documents were mailed via U.S. Mail.  To date, three weeks later, no documents have been mailed or produced.

16. On August 4 and then again August 15, 2014, undersigned sent counsel for NSU an email in a good faith effort to resolve the issues and for NSU to produce the documents.  NSU has not responded to either email.

P a g e | 3

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 27   Entered on FLSD Docket 08/25/2014   Page 4 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 4**

17. Accordingly, Redding respectfully requests an Order directing NSU to produce the documents that it represented would be produced; answer Interrogatory 7 and Requests for Production 17, 36 and 38.

**MEMORANDUM OF LAW**

**A.  STANDARD**

The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery. <u>Josendis v. Wall to Wall Residence Repairs, Inc.</u>, 662 F.3d 1292, 1306 (11th Cir. 2011). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" <u>Betty K Agencies, Ltd. v. M/V Monada</u>, 432 F.3d 1333, 1337 (11th Cir. 2005) (<u>quoting</u> <u>Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.</u>, 420 F.3d 1317, 1324 (11th Cir. 2005)).

"The term relevance at the discovery stage is broadly construed to include information which is not admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Convertino v. United States Department of Justice</u>, 565 F.Supp.2d 10, 12 (D.D.C. 2008). Courts have determined that "[a] showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.' "<u>Meijer, Inc. v. Warner Chilcott Holdings Co., III, Ltd.</u>, 245 F.R.D. 26, 29–30 (D.D.C. 2007).

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 27   Entered on FLSD Docket 08/25/2014   Page 5 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 5**

Courts have observed that "[i]n accordance with these considerations, courts generally employ a balancing test, weighing the burdensomeness to the [party on which the discovery was served] against the [need of the party which served the discovery] for, and the relevance of, the information being sought." Flanagan v. Wyndham International Inc., 231 F.R.D. 98, 102–03 (D.D.C.2005).

As the party resisting discovery, Defendant has the burden to clarify and explain their objections to provide factual support for such objections. Doe v. Mercy Health Corporation, 1993 WL 377064 at 3 (E.D. Penn. 1993); Martin v. Eaton Publishing Co., 85 F.R.D. 312 (E.D. Pa. 1980); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 297 (E.D. Pa. 1980).  In order to adequately make this showing, Defendant must file affidavits or provide other evidence that demonstrates that an undue burden exists. See e.g. Chubb Integrated Systems v. National Bank of Washington, 103 F.R.D. 52, 58 (D.D.C. 1984).   Otherwise, the court cannot adequately rule on the validity of the objections. Id. at 58; accord Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that a party objecting to discovery must specifically show how each discovery request is overly broad or burdensome in order for the court to understand why the discovery requests are objectionable).  Defendant in the instant case has not specifically stated why the Interrogatories and Requests are overbroad and burdensome, and therefore, failed to comply with the Eleventh Circuit's mandate in Panola.

P a g e  | **5**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 27   Entered on FLSD Docket 08/25/2014   Page 6 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.: 14-cv-60545-MARRA
**Page 6**

### B.  INTERROGATORY 7

In Interrogatory 7, Plaintiff seeks:

7.       If Defendant, within the last five years, has ever been a party to any other charge, lawsuit, or other legal proceeding pertaining to the dismissal of a student, please state the name(s) of the parties and the court or agency in which the proceeding or charge was filed, the date it was filed, the nature of the charge/proceeding, and its disposition.

### ANSWER:

NSU objects to Interrogatory #7 on the grounds that it is overbroad, vague and not reasonably calculated to lead to admissible evidence.  The Interrogatory requests information concerning any "charge, lawsuit, or other legal proceeding pertaining to the dismissal of a student" over a five year period and does not limit such dismissals to individuals who are similarly situated to Plaintiff, nor does it limit the dismissals to the specific program Plaintiff participated in.  Further, the term "other legal proceeding" is vague to the extent that NSU is unable to reasonably determine the scope of the information Plaintiff is requesting.

Whether NSU had been sued for dismissing a student; the grounds for the termination; the grounds for the lawsuits; the ultimate findings of the lawsuits; the name of other students that were treated improperly by NSU is all relevant, and will clearly lead to the discovery of admissible evidence, and the information should be provided.

Courts have often found that past lawsuits and legal proceedings are discoverable.  <u>Franklin v. Smalls</u>, 2012 WL 5077630 24 (S.D. Cal. 2012) ("All of these interrogatories relate to prior lawsuits brought against Defendants for alleged misconduct they committed as a correctional officer. If Defendants have been sued for similar retaliatory conduct, it may lead to admissible evidence regarding whether these Defendants retaliated against Franklin. Accordingly, this objection is overruled.")  <u>Smith v. Hillshire Brands</u>, 2014 WL 2804188 3 (D. Kan. 2014) ("The court agrees with defendant that information about plaintiff's litigation history

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM Document 27 Entered on FLSD Docket 08/25/2014 Page 7 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.: 14-cv-60545-MARRA
**Page 7**

is relevant because it could lead to the discovery of admissible evidence regarding plaintiff's credibility and claim for damages."); <u>Bibbs v. New River Community and Technical College</u>, 285 F.R.D. 382, 393-394 (S.D. W.Va. 2012); ("Information concerning prior lawsuits filed by or against Plaintiff is potentially admissible or could lead to admissible evidence."); <u>Cornelius v. Consol. Rail Corp.</u>, 169 F.R.D. 250, 251–252 (N.D. N.Y. 1996)(evidence of prior claims and lawsuits is relevant and discoverable, regardless that it later may be inadmissible at trial).

NSU also argues that the information sought is not limited to the program Redding is in or those that are similarly situated. Although NSU's arguments are not clear, it is unclear what program NSU is referencing, the Eleventh Circuit has already determined that Redding is entitled to seek discovery of lawsuits and other information as it pertains to NSU's College of Osteopathic Medicine (which the request was directed), and even beyond. <u>Adkins v. Christie</u>, 488 F.3d 1324 (11th Cir. 2007) ("In this case, HMC argues that adverse employment action was taken against Adkins in light of his performance during his tenure. By arguing that his record fell below standards the hospital used to judge its physicians, HMC itself put the record and peer review of other physicians at issue. Comparison to disciplinary measures against them is therefore clearly relevant to the case.")

**C. REQUEST 17**

In Request for Production 17, Redding seeks:

17.     Records of grades for make-up exams from 2008 to November 2013. The parties may enter into a protective order to protect the privacy of students.

P a g e | 7

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM Document 27 Entered on FLSD Docket 08/25/2014 Page 8 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.: 14-cv-60545-MARRA
**Page 8**

**RESPONSE**

17.     Defendant NSU objects on the grounds that the request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence. The request is over broad as it requires the production of records of grades of make-up exams from all students over a period of five years. Further, review and retrieval of such records would be extremely time consuming and burdensome upon NSU. Additionally, Plaintiff's request does not limit the records sought to similarly situated individuals as Plaintiff. NSU also objects to the request on the grounds that the documents sought are confidential educational records protected from disclosure pursuant to the Family Education Rights and Privacy Act ("FERPA"). 20 U.S.C. § 1232g; 34 CFR Part 99.

One of Redding's claims was that she was not provided reasonable accommodations. Because of her health issues, Redding missed several exams, and was therefore forced to take make-up exams. Redding would do very well on the original exams and poorly on the make-up exams. It was believed that the make-up exams were created to be more difficult. Redding is seeking proof to support this belief. If Redding was forced to take these more difficult make-up exams due to her disability, then that could show that NSU discriminated against her because of the disability. NSU claims that Redding did not limit the records sought to similarly situated individuals, but that would miss the point. Redding is gathering evidence to show similarly situated students were treated more fairly. If the make-up exams were a penalty for missing a test (for those without a disability), Redding was forced to take the make-up tests more often due to missing tests due to her disability and Redding was penalized for this as she had to do it more often than those without a disability, then Redding cannot properly limit the request to only those similarly situated.

NSU also contends that the request is overbroad since it seeks records going back to 2008. Redding began school at NSU in 2008. Redding was dismissed for the final time from NSU in

P a g e | **8**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM Document 27 Entered on FLSD Docket 08/25/2014 Page 9 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.: 14-cv-60545-MARRA
**Page 9**

November, 2013. The Request was limited to 2008 to November, 2013. Therefore, NSU's objection to the timeframe is completely without merit. Adkins, 488 F.3d 1324.

As to the privacy concerns, Redding, in the request, agreed to enter into a protective order, and would further allow NSU to redact personal information or resolve any issues pertaining to privacy.

### D. REQUEST 36

In Request 36, Redding seeks:

36. Any disciplinary records, counseling records or other critical matter relating to Plaintiff.

**RESPONSE**:

36. Defendant NSU objects on the grounds that the request is overly broad, unduly burdensome, vague, and not reasonably calculated to lead to admissible evidence. Plaintiff does not specify any definition of disciplinary records, counseling records, or records of "other critical matters" to the extent that NSU is unable to reasonably determine the nature of the records sought. Further, as written the request would require the production of any such documents throughout Plaintiff's entire time as a student at NSU, from 2008 to 2013, which encompasses time periods wherein Plaintiff has made no allegations or claims concerning NSU. Without waiving said objections, copies of correspondence from NSU to Plaintiff concerning Plaintiff's dismissals from the NSU College of Osteopathic Medicine are attached hereto as Response to Request for Production # 36.

Redding's disciplinary history, or lack thereof, is relevant to show her history as a student, whether she had similar issues than those for which she was dismissed, whether there were any other disciplinary issues or for a multitude of reasons fleshing out her time with NSU. NSU objects that the request spans from 2008 to 2013, but Redding attended NSU from 2008 through 2013. Adkins, 488 F.3d 1324. NSU fails to even state how the information is not reasonably calculated to lead to the discovery of admissible evidence. In Adkins, the Eleventh Circuit allowed the plaintiff

P a g e | **9**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 27   Entered on FLSD Docket 08/25/2014   Page 10 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 10**

to utilize the disciplinary actions of all of the departments, not just his, to determine if he was discriminated against.

In fact, not only are Redding's files discoverable, but district courts have required the production of personnel files of supervisors alleged to be directly involved in termination decisions, holding that they may lead to the discovery of admissible evidence. <u>Digan v. Euro–Am. Brands, LLC</u>, 2012 WL 668993, at 5 (N.D.Ill. 2012); <u>Byers v. Ill. State Police</u>, 99 C 8105, 2002 WL 1264004 at 13 (N.D. Ill. 2002); <u>Sykes v. Target</u>, 2002 WL 554505, at 4 (N.D. Ill. 2002).

  E. **REQUEST 38.**

38. All of NSU's internal e-mails, memos, or any other written documents, whether in electronic form or not wherein Plaintiff is discussed.

**RESPONSE:**

38. Defendant NSU objects on the grounds that the request is overly broad, unduly burdensome, vague, and not reasonably calculated to lead to admissible evidence.  The request calls for the production of any written documents wherein the Plaintiff is discussed.  Plaintiff does not limit the request to documents which relate to the claims alleged in the instant litigation, nor does the request specify a time period upon which such records should be retrieved.  Reviewing any and all communications from all NSU employees would require a significant expense in both time and resources.

Defendants had an obligation to preserve e-mails related to this claims once Redding's claim was reasonably foreseeable. <u>Helget v. City of Hays</u>, 2014 WL 1308893, at 2–3 (D. Kan. 2014). "Such preservation may not be 'selective,' saving only the evidence supporting a theory of liability and impeding the examination of another theory." <u>Id.</u>; <u>Benton v. Dlorha, Inc.</u>, 2007 WL 3231431 at 4 (D. Kan. 2007). Failing to preserve evidence, including electronic material,

P a g e  | **10**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 27   Entered on FLSD Docket 08/25/2014   Page 11 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 11**

that another party might use in pending or reasonably foreseeable litigation is deemed "spoliation." Id.

As to the other objections, the time parameters are clearly reasonable as there would assuredly be limited emails or documents regarding Redding prior to her becoming a medical student, and any emails or documents regarding Redding after she was dismissed would almost certainly pertain to her dismissal or this litigation, in which case, those emails or documents should be produced.

**WHEREFORE** Redding respectfully requests an Order directing NSU to produce the documents that it represented would be produced; answer Interrogatory 7, provide full responses and responsive documents for Requests for Production 17, 36 and 38, and grant any and all relief this Court deems just and proper.

[Intentionally Left Blank]

P a g e  | **11**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 27   Entered on FLSD Docket 08/25/2014   Page 12 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 12**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2014, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      Respectfully submitted,

      LAW OFFICES OF SHAWN L. BIRKEN, P.A.
      Attorneys for Plaintiff
      100 SE 3rd Ave., Suite 1300
      Ft. Lauderdale, FL 33394
      TEL: (954) 990-4459
      FAX: (954) 990-4469
      Primary E-Mail: sbirken@birken-law.com
      Secondary E-Mail: acabello@birken-law.com

By: _____/s/Shawn L. Birken_____
      SHAWN L. BIRKEN
      Florida Bar No. 418765

P a g e  | **12**
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 27   Entered on FLSD Docket 08/25/2014   Page 13 of 13

*Redding vs. Nova Southeastern University, et al.*
Case No.: 14-cv-60545-MARRA
**Page 13**

**SERVICE LIST**
*Redding vs. Nova Southeastern University, et al.*
CASE NO. 14-cv-60545-MARRA

| | |
|---|---|
| Shawn L. Birken, Esq.<br>Florida Bar No.: 418765<br>Email: sbirken@birken-law.com<br>LAW OFFICES OF SHAWN L BIRKEN<br>100 SE 3rd Avenue, Suite 1300<br>Fort Lauderdale, Florida 33394<br>Direct Dial: 954-990-4459<br>Fax: 954-990-4469<br>***Counsel for Plaintiff*** | Richard A. Beauchamp, Esq.<br>Florida Bar No.: 471313<br>Email: rbeauchamp@panzamaurer.com<br>PANZA MAUERER & MAYNARD, P.A.<br>3600 North Federal Highway, Third Floor<br>Fort Lauderdale, Florida 33308<br>Phone: 954-390-0100<br>Fax: 954-390-7991<br>***Counsel for Defendant NOVA***<br>By CM/ECF<br><br>Joyce Ackerbaum Cox, Esq.<br>Florida Bar No.: 0090451<br>E-mail: jacox@bakerlaw.com<br>Salomon Laguerre, Esq.<br>Florida Bar No.: 0092470<br>E-mail: slaguerre@bakerlaw.com<br>BAKER & HOSTETLER LLP<br>2300 SunTrust Center<br>200 South Orange Avenue<br>Post Office Box 112<br>Orlando, Florida 32802<br>Phone: 407-649-4000<br>Fax: 407-841-0168<br>***Counsel for Defendant BRUNO***<br>By CM/ECF |

P a g e | **13**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com