**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 14-cv-60545-MARRA

**MEREDITH REDDING,**

       Plaintiff

**v.**

**NOVA SOUTHEASTERN UNIVERSITY, INC.**
**COLLEGE OF OSTEOPATHIC MEDICINE**
**and PATRICIO BRUNO, an individual,**

       Defendants.

_____

**DEFENDANT NOVA SOUTHEASTERN UNIVERSITY'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO
INTERROGATORIES AND BETTER RESPONSES TO FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFEFNDANT, NOVA SOUTHEASTERN
UNIVERSITY, INC. COLLEGE OF OSTEOPATHIC MEDICINE AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

       Defendant, NOVA SOUTHEASTERN UNIVERSITY, INC. (hereinafter referred to as

"NSU") by and through its undersigned counsel, and files this, its Response in Opposition to

Plaintiff's Motion to Compel Better Answers to Interrogatories and Better Responses to First

Request for Production of Documents to Defendant, Nova Southeastern University, Inc. College

of Osteopathic Medicine, and states as follows:

**I.**       **BACKGROUND**

       1.       Defendant, NSU, served its answers and objections to Plaintiff, Meredith

Redding's First Request for Production of Documents and First Set of Interrogatories on July 28,

2014.

2. On August 25, 2014, Plaintiff, Meredith Redding filed a Motion to Compel Better Answers to Interrogatories and Better Responses to First Request for Production of Documents to Defendant, Nova Southeastern University, Inc. College of Osteopathic Medicine.

## II. <u>MEMORANDUM OF LAW</u>

3. It is undisputed that the scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 26. It is also undisputed that decisions regarding discovery are "entrusted to the sound discretion of the district court ..." *Burger King Corp. v. C.R. Weaver,* 169 F.3d 1310, 1315 (11th Cir. 1999). Although the "relevance" of discovery is to be " 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case' ... [t]he scope of discovery, though, is not without limits." *Rossbach v. Rundle,* 128 F.Supp.2d 1348, 1353 (S.D. Fla. 2000)(internal citations omitted); *Mackey v. IBP, Inc.,* 167 F.R.D. 186, 193-94 (D. Kansas 1996) (recognizing that "discovery, like all matters of procedure, has ultimate and necessary boundaries"). As delineated in Rule 26, "[d]iscovery requests that are otherwise reasonable may also be limited for the following reasons:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving the issues.

{00239052.DOCX. 1 }

*Rossbach,* 128 F.Supp.2d at 1354 (citing Fed.R.Civ.P. 26(b)(2)). Whichever the objection, "[t]he onus is on the party resisting discovery to demonstrate specifically how the objected-to-request is unreasonable or otherwise unduly burdensome." *Id.*

## A. INTERROGATORY 7

In Interrogatory 7, Plaintiff seeks:

**7. If Defendant, within the last five years, has ever been a party to any other charge, lawsuit, or other legal proceeding pertaining to the dismissal of a student, please state the name(s) of the parties and the court or agency in which the proceeding or charge was filed, the date it was filed, the nature of the charge/proceeding, and its disposition.**

NSU's Response to Interrogatory 7, states:

**NSU objects to Interrogatory #7 on the grounds that it is overbroad, vague and not reasonably calculated to lead to admissible evidence. The Interrogatory requests information concerning any "charge, lawsuit, or other legal proceeding pertaining to the dismissal of a student" over a five year period and does not limit such dismissals to individuals who are similarly situated to Plaintiff, nor does it limit the dismissals to the specific program Plaintiff participated in. Further, the term "other legal proceeding" is vague to the extent that NSU is unable to reasonably determine the scope of the information Plaintiff is requesting.**

4.      Plaintiff's Interrogatory 7 unreasonably requests a comprehensive list and detailed information concerning any and all lawsuits filed against NSU pertaining to the dismissal of a student for the past five years, including the names of the parties, the court/agency in which the "proceeding or charge" was filed, the date on which each was filed, the nature of the "charge/proceeding" and its disposition.

5.      As indicated in NSU's objection, Plaintiff's Interrogatory 7 is overbroad, vague, and not reasonably calculated to lead to admissible evidence.

6.      Plaintiff's use of the terms "charge" and "other legal proceeding" are vague and ambiguous to the point where such terms could constitute any type of complaint related to a student's dismissal.

7.      Further, Plaintiff does not limit the information sought to such actions which are similar or to students who are similarly situation to the circumstances of dismissal alleged in the instant litigation.

8.      Additionally assuming, *arguendo,* that NSU could reasonably determine the nature and scope of the information sought, NSU does not maintain any log or documentation containing records of all lawsuits filed against the University, let alone a document that contains all of the specific information sought by Plaintiff (parties involved, date filed, court or agency where filed, nature of claim and disposition).

9.      Compliance with Plaintiff's aforementioned Interrogatory would require extensive research and man-hours to provide even a fraction of the information Plaintiff seeks on lawsuits or legal proceedings wherein NSU was named as a party, concerning the dismissal of a student, for the last five (5) years. In other words, NSU does not have the capability of retrieving lawsuit information by the by the types of allegations asserted (i.e. student dismissal). As a result, NSU would have to pay its employees and/or legal counsel to conduct the unduly burdensome task of reviewing, by hand, documentation of each and every lawsuit filed against NSU for the last five (5) years in order to determine whether NSU was a named party and the facts/allegations contained in said lawsuit relate to a student dismissal.

10.     Plaintiff has also failed to articulate any credible reason why she requests and is purportedly entitled to the vast amount of information and documentation she seeks for the extensive period of five (5) years. Notably, such information is public record and Plaintiff's counsel can conduct his own research of the court dockets and agency records to determine whether NSU has been a named party in any "charge, lawsuit, or other legal proceeding," in the last five (5) years involving student dismissals, and further compile information regarding the

{00239052.DOCX. 1 }

names of the parties, the nature of the allegations, the dates filed, and their dispositions. This information is equally available to Plaintiff and Plaintiff merely wishes to place the burden of research upon NSU.

11.    Taking into account "the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving the issues," the burden and expense of complying with Plaintiff's Interrogatory 7 completely outweighs the likely benefit of the discovery. *See Rossbach,* 128 F.Supp.2d at 1354 (*citing* Fed.R.Civ.P. 26(b) (2)). NSU should not bear the unreasonable and substantial burden of complying with Plaintiff's overbroad, vague, and unduly burdensome interrogatory. Consequently, Plaintiff's Motion to Compel a better response to Interrogatory 7 should be denied.

### B.  REQUEST FOR PRODUCTION 17

In Request for Production 17, Plaintiff seeks:

**17. Records of grades for make-up exams from 2008 to November 2013. The parties may enter into a protective order to protect the privacy of students.**

NSU's Response to Request for Production 17 states:

**17. Defendant NSU objects on the grounds that the request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence. The request is over broad as it requires the production of records of grades of make-up exams from all students over a period of five years. Further, review and retrieval of such records would be extremely time consuming and burdensome upon NSU. Additionally, Plaintiff's request does not limit the records sought to similarly situated individuals as Plaintiff. NSU also objects to the request on the grounds that the documents sought are confidential educational records protected from disclosure pursuant to the Family Education Rights and Privacy Act ("FERPA"). 20 U.S.C. § 1232g; 34 CFR Part 99.**

12.    Plaintiff's Request for Production 17 unreasonably requests records of all make-up exams for a five (5) year period, for <u>all</u> students at the NSU College of Osteopathic Medicine. While students' overall course grades are maintained by the University, the University does not maintain a centralized database of records of grades for individual examinations. Any records

{00239052.DOCX. 1 }

relating to individual examination grades would be maintained at the discretion of the faculty member who taught each course. Further, faculty members are not required to retain such information. Additionally, make-up exams are routinely offered for the majority of didactic courses at the NSU College of Osteopathic Medicine. As such, compiling such data would require every faculty member at the College of Osteopathic Medicine to review their records (to the extent they have maintained such records), for every course they have administered, to identify every make-up exam offered to every student, for a five (5) year period.

13.     Additionally, College of Osteopathic Medicine policy permits *any* student who misses the initial offering of a didactic examination for *any* reason, an opportunity to take a make-up exam. Plaintiff has made no attempt to narrow the information sought to individuals who are similarly situated to Redding, or to individuals who missed exams for reasons similar to the reasons allegedly proffered by Redding.

14.     Further, this request is not reasonably calculated to lead to the discovery of admissible evidence since Redding's ultimate dismissal from the College of Osteopathic Medicine was premised upon her failure to attend a required clinical rotation and several other issues, which did not include her academic performance during the didactic portions of her medical education. Redding successfully completed the didactic portion of her medical education and, as such, any alleged discrimination based upon the make-up exam policies had no impact on her dismissal. The basis of Plaintiff's complaint is that she was denied a reasonable accommodation for attendance issues allegedly stemming from her disability during her clinical rotations.

15.     Although Plaintiff would agree to a protective order regarding such information, the privacy rights accorded via the Family Educational Rights and Privacy Act ("FERPA")

{00239052.DOCX. 1 }

belong to the individual students and, as such, NSU is not at liberty to waive the confidentiality of said records. Should this court require information relating to any other students to be produced by NSU, NSU would respectfully request permission to "de-identify" any such information by removing student's names or other identifying information prior to disclosure. Consequently, Plaintiff's Motion to Compel a better response to Request for Production 17 should be denied. Further, for academic records, the content of any such make-up exams, to the extent they are ordered to be produced, must be protected via a confidentiality order.

### C.  REQUEST FOR PRODUCTION 36

In Request for Production 36, Plaintiff seeks:

**36. Any disciplinary records, counseling records or other critical matter relating to Plaintiff.**

NSU's Response to Request for Production 36 states:

**36. Defendant NSU objects on the grounds that the request is overly broad, unduly burdensome, vague, and not reasonably calculated to lead to admissible evidence. Plaintiff does not specify any definition of disciplinary records, counseling records, or records of "other critical matters" to the extent that NSU is unable to reasonably determine the nature of the records sought. Further, as written the request would require the production of any such documents throughout Plaintiff's entire time as a student at NSU, from 2008 to 2013, which encompasses time periods wherein Plaintiff has made no allegations or claims concerning NSU. Without waiving said objections, copies of correspondence from NSU to Plaintiff concerning Plaintiff's dismissals from the NSU College of Osteopathic Medicine are attached hereto as Response to Request for Production # 36.**

16.     In response to Request for Production 36, NSU produced documentation of notices provided to Redding requiring her to appear before the Student Progress Committee for issues relating to her academic performance and behavior while attending the College of Osteopathic Medicine.

17.     Plaintiff seeks not only "disciplinary records," but also vaguely described "counseling records" or "any other critical matter relating to Plaintiff." While NSU contends that it has produced documents detailing disciplinary proceedings concerning academic and

{00239052.DOCX. 1 }

behavioral issues relating to Plaintiff, NSU is unable to determine what would constitute "counseling records," or the meaning of "any other critical matter relating to Plaintiff." Plaintiff has not provided any definition or direction as to what specifically constitutes a "counseling record," nor has their been any guidance as to the types of events or circumstances which would be considered a "critical matter" involving the Plaintiff. As such, without further limiting factors or a narrowly tailored description of what records Plaintiff is seeking, NSU is unable to respond to the request any further than it already has.

18.     As with NSU's objection to Request for Production 17, the instant request also seeks records relating to Redding's participation in the didactic portion of her medical education, which she completed successfully. Redding's complaint is premised upon the allegation that she was dismissed based upon discrimination due to her disability associated with her attendance at a clinical rotation. Records relating to time periods which were unrelated to the alleged disability discrimination which led to her dismissal should not be discoverable. As such, Plaintiff's request for a better response to Request for Production 17 should be denied.

### D.  REQUEST FOR PRODUCTION 38

In Request for Production 38, Plaintiff seeks:

**38. All of NSU's internal e-mails, memos, or any other written documents, whether in electronic form or not wherein Plaintiff is discussed.**

NSU's response to Request for Production 38 states:

**38. Defendant NSU objects on the grounds that the request is overly broad, unduly burdensome, vague, and not reasonably calculated to lead to admissible evidence. The request calls for the production of any written documents wherein the Plaintiff is discussed. Plaintiff does not limit the request to documents which relate to the claims alleged in the instant litigation, nor does the request specify a time period upon which such records should be retrieved. Reviewing any and all communications from all NSU employees would require a significant expense in both time and resources.**

19.     Plaintiff's Request for Production 38 is overly broad, as it seeks any internal e-mails, memos, or any other written document, in any form, where Plaintiff is discussed. Such a request would require the review of all e-mails and written documentation from all NSU employees at any time, for any references to Redding in any capacity.  Further, Plaintiff provides no definition for what constitutes a document which "discusses" Plaintiff. As such, requested records could include any document which merely contains the Plaintiff's name.

20.     Plaintiff has made absolutely no attempt to limit the scope of the records requested in any way. In order to comply with Plaintiff's request, every employee of NSU would have to review any and all written documents they have ever produced and maintained to see if Redding was referenced. Requiring NSU to do so would result in an exorbitant expense in time, money and resources.  As such, Plaintiff's request is unreasonably burdensome.

21.     Even if it were possible to complete such a review in a reasonable time at a reasonable cost, Plaintiff's request is extremely overbroad and would therefore encompass documents which have no relation whatsoever to any of the issues or allegations in the instant litigation. As such, Plaintiff's request is not reasonably calculated to lead to admissible evidence.

## III.   <u>CONCLUSION</u>

Based upon the arguments presented and the authority cited, NSU respectfully requests that this Court deny Plaintiff's Motion to Compel Better Answers to Interrogatories and Better Responses to Requests for Production of Documents.

[Intentionally Left Blank]

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  11th  day of September, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated by asterisk.

PANZA, MAURER & MAYNARD, P.A.
Counsel for Defendant
Nova Southeastern University
Bank of America Building, Third Floor
3600 North Federal Highway
Fort Lauderdale, FL  33308
Phone: (954)390-0100, Fax: (954)390-7991

By:     /s/Richard A. Beauchamp
        RICHARD A. BEAUCHAMP, ESQ.
        Fla. Bar No.: 471313
        E-Mail: rbeauchamp@panzamaurer.com

### SERVICE LIST

Meredith Redding v. Nova Southeastern University, Inc. College of Osteopathic Medicine & Patricio Bruno
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 14-60545-CV-MARRA

**Shawn L. Birken, Esq.**
**Counsel for Plaintiff**
**Law Offices of Shawn L. Birken, P.A.**
**100 SE 3rd Avenue, Suite 1300**
**Fort Lauderdale, FL 33394**
**E-Mail: sbirken@birken-law.com**
**\*Service through CM/ECF Electronic Filing**

**Joyce Ackerbaum Cox, Esq.**
**Counsel for Defendant BRUNO**
**Baker & Hostetler, LLP**
**2300 SunTrust Center**
**200 South Orange Avenue**
**Post Office Box 112**
**Orlando, Florida 32802**
**\*Service through CM/ECF Electronic Filing**

{00239052.DOCX. 1 }