UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-cv-60545-MARRA

MEREDITH REDDING,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY,
INC. COLLEGE OF OSTEOPATHIC
MEDICINE and PATRICIO BRUNO,
an individual,

    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO COMPEL**

    Plaintiff, MEREDITH REDDING ("REDDING"), by and through undersigned counsel, files this, her Reply in Support of Her Motion to Compel, and in support thereof states as follows:

**MEMORANDUM**

A. **Interrogatory 7**

    In Interrogatory 7, Redding sought whether NSU had been previously sued for dismissing a student in the past five (5) years. NSU set forth uniform objections and refused to provide the information.

    In its Response to the Motion to Compel, after its unfounded, unsupported and general complaints that the request is somehow vague since NSU does not understand the words "proceeding or charge," NSU's main arguments are that it does not "maintain a log or documentation containing records of all lawsuits" and that compliance with the Interrogatory

P a g e | **1**

Case 0:14-cv-60545-KAM   Document 30   Entered on FLSD Docket 09/17/2014   Page 2 of 10

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 2**

"would require extensive research and man-hours to provide even a fraction of the information" sought.  Response at 4.  Essentially, NSU's argument is that it has been sued so many times that it cannot keep track of all of the cases and it would require "vast amount of information and documentation" that it does not have the ability or resources to provide this information to Redding.

Ignoring NSU's preposterous claims that it does not maintain records for its lawsuits for five (5) years, or that the same law firm has represented NSU for the past five (5) years (and therefore the information is in NSU's care, custody or control), the large number of lawsuits against NSU would clearly reinforce Redding's contention that NSU ignores its students rights.   Plus, NSU does not properly articulate or prove its difficulties.  As the party resisting discovery, NSU has the burden to clarify and explain their objections to provide factual support for such objections.  Doe v. Mercy Health Corporation, 1993 WL 377064 at 3 (E.D. Penn. 1993); Martin v. Eaton Publishing Co., 85 F.R.D. 312 (E.D. Pa. 1980); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 297 (E.D. Pa. 1980).  In order to adequately make this showing, NSU must file affidavits or provide other evidence that demonstrates that an undue burden exists.  See e.g. Chubb Integrated Systems v. National Bank of Washington, 103 F.R.D. 52, 58 (D.D.C. 1984).   Otherwise, the court cannot adequately rule on the validity of the objections.  Id. at 58; accord Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that a party objecting to discovery must specifically show how each discovery request is overly broad or burdensome in order for the court to understand why the discovery requests are objectionable).

NSU only makes allegations, with no support whatsoever, that it cannot produce the information sought.  This is especially true as Redding is not seeking all of the documentation;

P a g e  | 2

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320  |  Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM Document 30 Entered on FLSD Docket 09/17/2014 Page 3 of 10

*Redding vs. Nova Southeastern University, et al.*
Case No.: 14-cv-60545-MARRA
**Page 3**

only 1. The parties involved in the lawsuit; 2. the court or agency where the lawsuit was located; 3. the date it was filed; 4. the nature of the charge/proceeding; and 5. the disposition. Redding does not seek any of the documentation pertaining to the lawsuits, only limited information regarding the lawsuits.

Redding began attending NSU in 2008, which justifies the time frame. Additionally, as not discussed at all in NSU's Response, Courts have often found that past lawsuits and legal proceedings are discoverable. <u>Franklin v. Smalls</u>, 2012 WL 5077630 24 (S.D. Cal. 2012) ("All of these interrogatories relate to prior lawsuits brought against Defendants for alleged misconduct they committed as a correctional officer. If Defendants have been sued for similar retaliatory conduct, it may lead to admissible evidence regarding whether these Defendants retaliated against Franklin. Accordingly, this objection is overruled.") <u>Smith v. Hillshire Brands</u>, 2014 WL 2804188 3 (D. Kan. 2014) ("The court agrees with defendant that information about plaintiff's litigation history is relevant because it could lead to the discovery of admissible evidence regarding plaintiff's credibility and claim for damages."); <u>Bibbs v. New River Community and Technical College</u>, 285 F.R.D. 382, 393-394 (S.D. W.Va. 2012); ("Information concerning prior lawsuits filed by or against Plaintiff is potentially admissible or could lead to admissible evidence."); <u>Cornelius v. Consol. Rail Corp.</u>, 169 F.R.D. 250, 251–252 (N.D. N.Y. 1996)(evidence of prior claims and lawsuits is relevant and discoverable, regardless that it later may be inadmissible at trial).

NSU ignores the prevailing Eleventh Circuit findings that determined that Redding is entitled to seek discovery of lawsuits and other information as it pertains to NSU's College of

P a g e | 3

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 30   Entered on FLSD Docket 09/17/2014   Page 4 of 10

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 4**

Osteopathic Medicine (which the request was directed), and even beyond. Adkins v. Christie, 488 F.3d 1324 (11th Cir. 2007) ("In this case, HMC argues that adverse employment action was taken against Adkins in light of his performance during his tenure. By arguing that his record fell below standards the hospital used to judge its physicians, HMC itself put the record and peer review of other physicians at issue. Comparison to disciplinary measures against them is therefore clearly relevant to the case.")

NSU fails to address the substance of Redding's Request, instead making unsubstantiated claims that the information is too voluminous.  The Objection should be overruled.

**B.  Request for Production 17**

In Request for Production 17, Redding seeks grades for make-up exams from 2008 through November, 2013, and agreed to enter into a protective order to protect the identity of the students.

Initially, NSU argues that it does not maintain a centralized database for individual examinations, the information is maintained by the faculty member, and the faculty members are not required to maintain the information.  Logistically, NSU does not state that it has requested this information, does not state that gathering the information is laborious or difficult; it only implies that it might be difficult to find the information or the information might not exist.  NSU fails to even attempt to comply with the request, and has not provided any details or actual information to support its contention that gathering the information is difficult.  Essentially, NSU is stating that it seems that providing the information might be difficult so it should not even have to try.  This falls well below the standard necessary to maintain its objection.  Doe, 1993 WL 377064 at 3; Martin, 85

P a g e | **4**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 30   Entered on FLSD Docket 09/17/2014   Page 5 of 10

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 5**

F.R.D. 312; Roesberg, 85 F.R.D. 292, 297; Chubb Integrated Systems, 103 F.R.D. 52, 58 Panola Land Buyers Ass'n, 762 F.2d 1550, 1559.

Further, if the information does not exist, since professors are not required to maintain the information, then NSU could simply state "None" in its response thereby rendering its objections moot.  Also, NSU further points at the five (5) year period of time as somewhat unreasonable, but as discussed *infra*, Redding attended NSU from 2008 through November, 2013, five (5) years.

NSU also contends that Redding should somehow limit the request to those similarly situated since it allows any student that misses an exam to take a make-up exam.  Not surprisingly, NSU simply ignores Redding's explanation as to why information from similarly situated students would be insufficient.  If the make-up exams are more difficult, and Redding was forced to take more make-up exams than other non-disabled students because of her disability, then that would be evidence that she was harmed because of her disability.  Further, if Redding requested a reasonable accommodation of allowing her to take a regular exam instead of the more difficult make-up exam if she was absent due to her disability, and NSU refused, then Redding would again have a claim that she was being treated differently because of her disability.  NSU does not attempt to discuss the merits of this argument.

NSU also somehow contends that the information is not reasonably calculated to lead to the discovery of admissible evidence since Redding successfully completed the didactic portion of her medical education.  NSU, not surprisingly, fails to state that due to her poor performance on her make-up exams, Redding was placed on academic probation; was required to take leave from

P a g e | **5**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 30   Entered on FLSD Docket 09/17/2014   Page 6 of 10

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 6**

school due to poor academic performance; was dismissed from school requiring a full hearing prior to reinstatement; and resulted in Redding having to attend NSU for five (5) years to complete two (2) years' worth of work, costing her thousands of dollars more in tuition than non-disabled students.  That combined with the lack of accommodations pertaining to her clinical rotations are all part of the basis for her claim.

Lastly, NSU contends that even though Redding agreed in her Request to enter into a protective order, NSU is not at liberty to waive students' rights under the Family Educational Rights and Privacy Act ("FERPA").  Noticeably absent is any legal authority supporting NSU's contention. FERPA allows schools to disclose records, without consent, to comply with a judicial order or lawfully issued subpoena.  34 C.F.R. § 99.31.  Therefore, this Court does have the authority to require NSU to provide the information.

NSU states that if it has to produce the information, that it requests permission to "de-identify" information identifying students.  Had NSU provided this request as a resolution to the issue at any time prior to filing its Response to Redding's Motion to Compel, Redding would have been able to provide her position, which is to allow NSU to provide the information to Redding in a form that "de-identifies" information identifying students, as long as NSU agrees to the authenticity of the information and NSU provides the Court with the actual information to ensure that the "de-identified" information is accurate.

C. **Request for Production 36**

In Request for Production 36, Redding seeks her disciplinary records.  NSU only produced document pertaining to her two dismissals, but not her entire disciplinary record.  NSU initially

P a g e | 6

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 30   Entered on FLSD Docket 09/17/2014   Page 7 of 10

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 7**

contends that it does not know what counseling records are or what other critical matter relating to Redding could be.  Ignoring this questionable contention, NSU does not state why it did not attempt to comply with the Request to the best of its understanding.

Also, NSU again contends that it should not have to provide information relating to Redding's participation in the didactic portion of her medical education since she successfully completed.  Yet, NSU, again, fails to state that Redding had previously been placed on academic probation; was required to take leave from school; was previously dismissed from school requiring a full hearing prior to reinstatement; and resulted in Redding having to attend NSU for five (5) years to complete two (2) years' worth of work.  Any disciplinary records during this time frame would certainly be relevant.

NSU ignores all case law cited and arguments set forth in Redding's Motion to Compel regarding the clear discoverability of the disciplinary files.  Adkins, 488 F.3d 1324; Digan v. Euro–Am. Brands, LLC, 2012 WL 668993, at 5 (N.D.Ill. 2012); Byers v. Ill. State Police, 2002 WL 1264004 at 13 (N.D. Ill. 2002); Sykes v. Target, 2002 WL 554505, at 4 (N.D. Ill. 2002).

**D.**     **Request for Production 38**

In Request 38, Redding seeks e-mails or internal documents that discuss her.  NSU objects, contending that the request would require the review of all e-mails and written documentation from all NSU employees at any time.  NSU ignores the basic tenet that it has an obligation to preserve e-mails related to Redding's claim.  Helget v. City of Hays, 2014 WL 1308893, at 2–3 (D. Kan. 2014). NSU and Redding both identified employees that they believed to have information about this case.  As it pertains to its own witnesses, NSU had an obligation to instruct them to preserve

P a g e | 7

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 30   Entered on FLSD Docket 09/17/2014   Page 8 of 10

*Redding vs. Nova Southeastern University, et al.*
Case No.: 14-cv-60545-MARRA
**Page 8**

emails and pertinent information. It is unclear why NSU has not directed these employees to provide the information that they were instructed to preserve. Redding requests that NSU instruct those employees that it has identified as witnesses to provide emails or important documents pertaining to Redding. Most, if not all, e-mail programs enable the user to type in "Redding" in the search window for the inbox and sent items. This would easily allow NSU to obtain the e-mail information sought. Additionally, if the identified employees maintained any files, or have any critical documents pertaining to Redding, then she is entitled to those documents.

NSU also somehow contends that some of the documents might not be related to the issues or allegations in the instant litigation, and is therefore, not reasonably calculated to lead to the discovery of admissible evidence. However, any documents from faculty and employees of the medical school that Redding was attending pertaining to her would undoubtedly be relevant to her academic performance; her complaints of discrimination; her requests for accommodation; her discipline; any accommodations provided to her; and anything else providing the full story regarding her attendance at NSU. It would actually be difficult to find e-mails or documents that would not lead to the discovery of admissible evidence.

**WHEREFORE** Redding respectfully requests an Order directing NSU to produce the documents that it represented would be produced; answer Interrogatory 7, provide full responses and responsive documents for Requests for Production 17, 36 and 38, and grant any and all relief this Court deems just and proper.

P a g e | **8**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of September, 2014, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
Attorneys for Plaintiff
100 SE 3rd Ave., Suite 1300
Ft. Lauderdale, FL 33394
TEL: (954) 990-4459
FAX: (954) 990-4469
Primary E-Mail: sbirken@birken-law.com
Secondary E-Mail: acabello@birken-law.com


By: _____/s/Shawn L. Birken_____
        SHAWN L. BIRKEN
        Florida Bar No. 418765

P a g e | 9
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Case 0:14-cv-60545-KAM   Document 30   Entered on FLSD Docket 09/17/2014   Page 10 of 10

*Redding vs. Nova Southeastern University, et al.*
Case No.:  14-cv-60545-MARRA
**Page 10**

# SERVICE LIST

*Redding vs. Nova Southeastern University, et al.*
CASE NO. 14-cv-60545-MARRA

Shawn L. Birken, Esq.
Florida Bar No.: 418765
Email: sbirken@birken-law.com
LAW OFFICES OF SHAWN L BIRKEN
100 SE 3rd Avenue, Suite 1300
Fort Lauderdale, Florida  33394
Direct Dial: 954-990-4459
Fax: 954-990-4469
*Counsel for Plaintiff*

Richard A. Beauchamp, Esq.
Florida Bar No.: 471313
Email: rbeauchamp@panzamaurer.com
PANZA MAUERER & MAYNARD, P.A.
3600 North Federal Highway, Third Floor
Fort Lauderdale, Florida 33308
Phone: 954-390-0100
Fax: 954-390-7991
*Counsel for Defendant NOVA*
By CM/ECF

Joyce Ackerbaum Cox, Esq.
Florida Bar No.: 0090451
E-mail: jacox@bakerlaw.com
Salomon Laguerre, Esq.
Florida Bar No.: 0092470
E-mail: slaguerre@bakerlaw.com
BAKER & HOSTETLER LLP
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, Florida 32802
Phone: 407-649-4000
Fax: 407-841-0168
*Counsel for Defendant BRUNO*
By CM/ECF

\\acabello-xp\shares\Redding v. Nova\Pleadings\Motion to Compel Reply FINAL.docx

P a g e  | **10**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320  |  Fax: 954.990.4469
www.birken-law.com