UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-60545-CIV-MARRA/MATTHEWMAN

MEREDITH REDDING,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY,
INC. COLLEGE OF OSTEOPATHIC
MEDICINE and PATRICIO BRUNO
an individual,

    Defendants.
_____/



## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [DE 27]

**THIS CAUSE** is before the Court upon Plaintiff, Meredith Redding's Motion to Compel Better Answers to Interrogatories and Better Responses to First Request for Production of Documents to Defendant, Nova Southeastern University, Inc. College of Osteopathic Medicine [DE 27]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra [DE 19]. Defendant, Nova Southeastern University, filed a Response in opposition [DE 28], to which Plaintiff replied [DE 30]. The undersigned held a hearing on this matter on Monday, September 29, 2014, and it is now ripe for review.

The following four discovery requests form the basis for Plaintiff's Motion to Compel:

1. **Interrogatory Number 7**:

    If Defendant, within the last five years, has ever been a party to any other charge, lawsuit, or other legal proceeding pertaining to the dismissal of a student, please state the name(s) of the parties and the court or agency in which the proceeding or charge was filed, the date it was filed, the nature of the charge/proceeding, and its disposition.

2. **Request for Production Number 17**:

   Records of grades for make-up exams from 2008 to November 2013. The parties may enter into a protective order to protect the privacy of students.

3. **Request for Production Number 36**:

   Any disciplinary records, counseling records or other critical matter relating to Plaintiff.

4. **Request for Production Number 38**:

   All of NSU's internal emails, memos, or any other written documents, whether in electronic form or not wherein Plaintiff is discussed.

For the reasons stated on the record at the September 29, 2014 hearing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Better Answers to Interrogatories and Better Responses to First Request for Production of Documents to Defendant, Nova Southeastern University, Inc. College of Osteopathic Medicine [DE 27] is **GRANTED IN PART AND DENIED IN PART**.

1. **With respect to Interrogatory Number 7**, within **fourteen days** of the date of this Order, Defendant shall advise Plaintiff whether, within the past five years, it has been a party to any lawsuit or other legal proceeding concerning the dismissal of a student from Nova Southeastern University, College of Osteopathic Medicine.

2. **With respect to Request for Production Number 17**, this portion of Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**. The Court finds that this discovery request is overbroad and unduly burdensome. It is also based on speculation and would constitute an improper fishing expedition. However, the Court will revisit this issue in the event Plaintiff is able to later produce some evidence or information that the make-up exams at issue in this case were penal in nature, and if Plaintiff files a motion

2

to this effect.

3. **With respect to Request for Production Number 36**, the Court finds that Plaintiff's disciplinary and counseling records are relevant and discoverable materials in this case. Within **fourteen days** of the date of this Order, Defendant shall provide Plaintiff with her disciplinary and counseling records from Nova Southeastern University, College of Osteopathic Medicine. However, the Court **DENIES** this request as to "other critical matter." The Court finds that this portion of the discovery request is overbroad and vague.

4. **With respect to Request for Production Number 38**, the parties are instructed to meet and confer, within **fourteen days** of the date of this Order, and agree on the names of ten to fifteen critical witnesses in this case; the parties shall then exchange contact information for these critical witnesses, and Defendant shall search the email files belonging to these individuals, and provide Plaintiff with copies of any emails in which Plaintiff is discussed.

**DONE AND ORDERED** in Chambers this 1ST day of October, 2014 at West Palm Beach, in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE