UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 14-60545-CIV-MARRA

MEREDITH REDDING,

    Plaintiff,

v.

NOVA SOUTHEASTERN UNIVERSITY,
INC. COLLEGE OF OSTEOPATHIC
MEDICINE and PATRICIO BRUNO,

    Defendants,
_____/

## DEFENDANT, PATRICIO BRUNO'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

The Defendant, Patricio Bruno ("Dr. Bruno"), by and through his undersigned counsel, and pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, moves the Court for entry of summary judgment in his favor and against the Plaintiff, Meredith Redding (the "Plaintiff"), as to her claim for defamation. For the reasons set forth below, this Motion should be granted.

## INTRODUCTION

The Plaintiff, a former medical student at Nova Southeastern University's College of Osteopathic Medicine ("Nova"), alleges that Dr. Bruno, who served as Director of Medical Education ("DME") at Florida Hospital East Orlando ("FHEO") and as an Associate Professor of Family Medicine for Nova during the time that the Plaintiff conducted her clinical rotations at FHEO, defamed her by making false statements in her clinical performance evaluations and in a subsequent correspondence to Nova's Associate Dean, Joseph De Gaetano ("De Gaetano"). Because no genuine issue of material fact exists regarding Dr. Bruno's statements, the Court should grant Dr. Bruno's Motion for Summary Judgment against the Plaintiff.

Specifically, the Plaintiff is unable to prove a claim for defamation against Dr. Bruno for several reasons: (1) none of Dr. Bruno's statements were published to a third party; (2) Dr. Bruno's statements are privileged and the Plaintiff can point to no facts to show that Dr. Bruno made the statements with express malice so as to overcome the privilege; and (3) Dr. Bruno's statements are expressions of opinion not actionable as defamation.

## PROCEDURAL HISTORY

1.  The Plaintiff originally filed this action on March 4, 2014, alleging that Dr. Bruno made false statements in her written performance evaluation and that such statements constitute defamation. *See* Dkt. 1. On April 1, 2014, Dr. Bruno moved to dismiss the Plaintiff's original complaint against him ("First Motion"). *See* Dkt. 10. In the First Motion, Dr. Bruno argued that the Plaintiff could not state a claim for defamation because (1) Dr. Bruno's statements are expressions of opinion not actionable as defamation, (2) the Plaintiff cannot show that the statements were published to a third party, and (3) Dr. Bruno's statements are conditionally privileged. *Id.*

2.  Rather than respond to Dr. Bruno's First Motion, the Plaintiff moved to amend her original complaint. *See* Dkt. 12. On April 16, 2014, the Court granted the Plaintiff's Motion for Leave to Amend Complaint and denied Dr. Bruno's First Motion as moot. *See* Dkt. 14. On April 21, 2014, the Plaintiff filed her First Amended Complaint, Dkt. 15, which failed to cure any of the flaws in the Plaintiff's original complaint against Dr. Bruno. Dr. Bruno moved for dismissal of the Plaintiff's First Amended Complaint ("Second Motion") and again argued that (1) Dr. Bruno's statements are expressions of opinion not actionable as defamation, (2) the Plaintiff cannot show that the alleged statements were published to a third party, and (3) Dr. Bruno's statements are conditionally privileged. *See* Dkt. 16.

      3.      On January 26, 2015, this Court granted in part and denied in part Dr. Bruno's Second Motion. *See* Dkt. 36. The Court ruled that Dr. Bruno's statements are privileged as a matter of law and that the Plaintiff failed to allege sufficient facts to show express malice to overcome the privilege. *Id.* The Court also stated that it was unable to determine, at the motion to dismiss stage, whether the Plaintiff properly pled that Dr. Bruno's statements were published to a third-party. *Id.* The Court dismissed the Plaintiff's First Amended Complaint, but rather than issue a dismissal with prejudice, the Court allowed the Plaintiff a third opportunity to amend her claim to plead enough facts that show that Dr. Bruno's statements were made with express malice. *Id.*

      4.      On February 6, 2015, the Plaintiff filed a Second Amended Complaint. *See* Dkt. 37. In her Second Amended Complaint, the Plaintiff makes the following allegations against Dr. Bruno, which she contends constitute defamation:

> [Dr. Bruno] falsified [the Plaintiff's] Surgery 1 Clinical Rotation Evaluation.
> [Dr. Bruno] falsely accused [the Plaintiff] of having three (3) absences without notification.
> [Dr. Bruno] wrote in a correspondence to Nova's Associate Dean, wherein [Dr. Bruno] attacked [the Plaintiff's] overall emotional and mental stability.
> In the correspondence, [Dr. Bruno] also misstated a psychologist's assessment of [the Plaintiff] stating that it was indicated that [the Plaintiff] has significant emotional instability. [Dr. Bruno] stated that the psychologist stated that [the Plaintiff] was not a harm to herself or others, yet still indicated that he asked [the Plaintiff] about her mental state and [the Plaintiff] adamantly denied any suicidal gestures.
> [Dr. Bruno] made false statements of fact regarding [the Plaintiff].
> [Dr. Bruno] published false statements of fact regarding [the Plaintiff].
> The false statements and documents were published and relied upon by third parties, including but not limited to Nova.
> The false statements made by [Dr. Bruno] damaged [the Plaintiff].

*Id.* at ¶¶ 77-86.

      5.      For her allegation of express malice, the Plaintiff states:

> [Dr. Bruno's] actions evidence express malice. This is evidenced by [Dr.

-3-

> Bruno] indicating that he did not want to deal with [the Plaintiff] with whom he indicated had mental and emotional issues, and to rid himself of a student that he indicated [] had these issues, [Dr. Bruno], among other actions, falsified [the Plaintiff's] Clinical Rotation Evaluation, misstated the number of times [the Plaintiff] was absent, and provided false information about [the Plaintiff's] mental and emotional issues.

*Id.* at ¶ 87.

6.     On February 17, 2015, Dr. Bruno moved to dismiss the Plaintiff's Second Amended Complaint ("Third Motion") because the Plaintiff still had not sufficiently pled facts to show that Dr. Bruno made the statements with express malice. *See* Dkt. 38. Dr. Bruno's Third Motion remains pending before this Court.

## LEGAL ARGUMENT

The undisputed material facts indicate that the Plaintiff cannot prove a claim for defamation against Dr. Bruno. To prevail on a claim for defamation under Florida law, a plaintiff must show that (1) the defendant published a false statement (2) about the plaintiff (3) to a third party, and (4) the falsity of the statement injured the plaintiff. *See Spiral v. Univ. of Miami*, 684 F.Supp.2d 1349, 1360 (citing *Valencia v. Citibank Int'l*, 728 So. 2d 330 (Fla. 3d DCA 1999)). Dr. Bruno is entitled to summary judgment as a matter of law on the Plaintiff's defamation claim because (1) none of Dr. Bruno's statements were published to a third party; (2) Dr. Bruno's statements are privileged and the Plaintiff can point to no facts to show that Dr. Bruno made the statements with express malice to overcome the privilege; and (3) Dr. Bruno's statements are expressions of opinion not actionable as defamation.

**A.     Dr. Bruno's Statements Were Not Published To A Third Party.**

The Plaintiff cannot show that Dr. Bruno published any statements about the Plaintiff to a third party. "Publication" requires that the alleged defamatory statement be communicated to a third party. *See Tishman-Speyer Equitable S. Fla. Venture v. Knight Invs., Inc.*, 591 So. 2d 213,

-4-

214 (Fla. 4th DCA 1991). "No actionable publication occurs where a document is sent to a party who has an interest in the matter." *Tishman-Speyer*, 591 So. 2d at 213 (no actionable publication where letter was sent only to concerned parties); *Bonded Inv. & Realty Co. v. Waksman*, 437 So. 2d 162, 164 (Fla. 2d DCA 1983) (same). Similarly, in-house distribution of an allegedly defamatory statement does not constitute publication to a third party. *See Bush v. Raytheon Co.*, 373 Fed. App'x. 936, 941 (11th Cir. 2010) (supervisor's internal distribution of employee's allegedly false performance reviews among department managers was not publication to third parties and was not actionable as defamation).

The Plaintiff cannot satisfy the publication requirement in this case since there is no evidence that Dr. Bruno made any statements about the Plaintiff to anyone outside of Nova's College of Medicine. De Gaetano and the decisionmakers at Nova all had an interest in the Plaintiff's performance at her clinical rotations. Further, Dr. Bruno, as Nova's appointed Regional Assistant Dean and Associate Professor of Family Medicine, was part of the same entity as anyone within Nova to whom he disseminated any information about the Plaintiff. *See Bruno Dep.* at 101:18-20. Therefore, the statements made and evaluations provided by Dr. Bruno to De Gaetano or any decisionmakers at Nova cannot be considered publication to a third party. *See Bush*, 373 Fed. App'x. at 941; *Walter v. Davidson*, 104 S.E.2d 113, 116 (Ga. 1958) (statements between two college faculty members charged with duty of maintaining good student behavior do not constitute "publication"). The Plaintiff's failure to establish the publication element is fatal to her claim.

**B.     The Statements Made By Dr. Bruno In The Plaintiff's Performance Evaluations And In The Correspondence To De Gaetano Are Privileged.**

The Plaintiff also cannot state a cause of action for defamation because Dr. Bruno's statements in her performance evaluations and in the correspondence to De Gaetano are

privileged.  Under Florida law, "[a] statement made by one having an interest or duty in the subject matter thereof, to another person having a corresponding interest or duty herein, is conditionally privileged, even though the statement may be false and otherwise actionable." *See Sirpal*, 684 F.Supp.2d at 1360 (statements made by graduate student's laboratory supervisor to graduate program committee leading to student's dismissal from program were conditionally privileged since both supervisor and committee had interest in matter); *Jarzynka v. St. Thomas Univ. School of Law*, 310 F.Supp.2d 1256, 1268 (S.D. Fla. 2004) (statements made by university counselor to dean of students as part of investigation into whether plaintiff presented security threat to school were privileged); *see also Wheeler v. Miller*, 168 F.3d 241, 253 (5th Cir. 1999) (communications by faculty members to school psychology program committee were privileged since faculty members and committee shared common interest in plaintiff's progress as a student and his qualifications for degree); *Baldwin*, 945 F.Supp. at 1036 (performance evaluations of medical school resident made by faculty members and directed to director of residency program were privileged since faculty members and director had duty and interest with regard to plaintiff's performance in residency program).

If a speaker's statements are privileged, a plaintiff must demonstrate express malice to overcome that privilege.  *Jarzynka*, 310 F.Supp.2d at 1268; *Allison v. Parise*, 2013 WL 877111, at *2 (M.D. Fla. 2013).  Express malice is defined as "ill will, hostility *and* evil intention to defame and injure . . . [or] an abuse of a privileged occasion by improper motives on the part of the speaker." *Jarzynka*, 310 F.Supp.2d at 1268. "Express malice cannot be inferred from the fact that some statements are untrue[,]" and a conclusory allegation unsupported by facts that statements were made maliciously is not sufficient to show express malice. *Allison*, 2013 WL 877111, at *2.  Rather, the Plaintiff must show a ***clear evil intent*** on the part of the speaker to

harm the Plaintiff. *See Jarzynka*, 310 F.Supp.2d at 1268.

The privilege is not lost if the speaker merely "feels hostility or ill will toward the plaintiff." *Nodar v. Galbreath*, 462 So. 2d 803, 812 (Fla. 1984). Rather, the Plaintiff must show "the speaker used his privileged position to gratify his malevolence" toward her. *Nodar*, 462 So. 2d at 811. The Plaintiff also cannot rely on implied malice, "but must prove that the speaker was in fact motivated by malice, which is termed 'express malice' to distinguish it from 'implied malice.'" *See Lewis v. Evans*, 406 So. 2d 489, 492 (Fla. 2d DCA 1981).

In this case, it is undisputed that Dr. Bruno, De Gaetano and the decisionmakers at Nova all had an interest in the Plaintiff's performance in her clinical rotations at FHEO. Thus, it is undisputed that Dr. Bruno's statements are privileged as a matter of law. To overcome that privilege, the Plaintiff must point to facts that show Dr. Bruno made the statements in her evaluations and in the correspondence to De Gaetano with express malice. The Plaintiff falls far short of meeting this burden.

The record is devoid of any evidence that Dr. Bruno showed "clear evil intent" regarding the Plaintiff. Although the Plaintiff testified that she believes Dr. Bruno wanted to get rid of her, she also testified that she has no basis to support that statement. *See Redding Dep. 3* at 118:1-119:5. In fact, a different portion of her own testimony belies any claim Dr. Bruno acted with express malice, as she stated Dr. Bruno expressed concern for her and told her he was returning her to Nova to attend to her mental health issues. *Id.* at 31:2-6; 42:2-8. The Plaintiff testified that other than meeting Dr. Bruno at orientation and seeing him give lectures on three occasions, she had no communications with Dr. Bruno or any problems with him throughout her surgical or pediatric rotation. *Id.* at 118:22-25, 119:1-2. There is also no evidence that Dr. Bruno made any negative comments regarding the Plaintiff to anyone else.

In his dealings with De Gaetano concerning the Plaintiff, Dr. Bruno never made any comments of a negative nature regarding the Plaintiff. *De Gaetano Dep.* at 36:7-10. Dr. Bruno was concerned about the Plaintiff's well-being, which he expressed to De Gaetano, and which is evidenced by the fact that Dr. Bruno called the police to go check on the Plaintiff after she went missing for several days from her pediatrics rotation. The Plaintiff's mental and emotional well-being was Dr. Bruno's major concern, and the reason why Dr. Bruno recommended that the Plaintiff return to Nova to receive help prior to continuing her rotations. There is no factual basis in the record to support an argument that Dr. Bruno acted with "clear evil intent" of harming the Plaintiff. Without this showing of express malice, Dr. Bruno's statements are privileged and thus no claim for defamation can lie. Accordingly, summary judgment must be rendered in favor of Dr. Bruno.

**C.    Dr. Bruno's Statements Are Expressions Of Opinion Not Actionable As Defamation.**

Expressions of opinion, like those made by Dr. Bruno in the Plaintiff's performance evaluations, and subsequently reiterated in his correspondence to De Gaetano, are not actionable as defamation. *See Hoon v. Pate Const. Co., Inc.*, 607 So. 2d 423, 429 (Fla. 4th DCA 1992) ("opinions cannot be defamatory"); *Baldwin v. Univ. of Texas Med. Branch at Galveston*, 945 F.Supp. 1022, 1035 (S.D. Tex. 1996) (evaluations and performance reviews of medical school resident were expressions of opinion not actionable as defamation). Dr. Bruno's statements were based on his observation of and the information he received regarding the Plaintiff's performance and behavior as a student at FHEO. His opinion, as the DME, that the Plaintiff's absences or other conduct constituted unprofessional behavior, and that he was concerned about the Plaintiff's mental and emotional stability, is not actionable defamation. Similarly, his opinion that the Plaintiff failed her rotations cannot be considered defamatory. *See Baldwin*, 945

F.Supp. 1022 at 1035 ("[c]learly, [the ratings in the plaintiff's evaluation] are simply statements of a supervising physician's opinion and are not defamatory. . . ."). Therefore, the statements made by Dr. Bruno cannot be the basis of a defamation claim in this case and summary judgment should be rendered as a matter of law.

## CONCLUSION

Dr. Bruno's Motion should be granted.

Dated this 5th day of, June 2015.              Respectfully submitted,

                                               s/Joyce Ackerbaum Cox
                                               Joyce Ackerbaum Cox
                                               Florida Bar No.: 0090451
                                               E-mail: jacox@bakerlaw.com
                                               Salomon Laguerre
                                               Florida Bar No.: 0092470
                                               E-mail: slaguerre@bakerlaw.com
                                               **BAKER & HOSTETLER LLP**
                                               2300 SunTrust Center
                                               200 South Orange Avenue
                                               Post Office Box 112
                                               Orlando, Florida 32802
                                               Telephone: 407-649-4000
                                               Telecopier: 407-841-0168

                                               **COUNSEL FOR DEFENDANT**
                                               **DR. PATRICIO BRUNO**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

### SERVICE LIST

| | |
|---|---|
| Shawn L. Birken, Esq.<br>sbirken@birken-law.com<br>LAW OFFICES OF SHAWN L. BIRKEN, P.A.<br>100 SE 3rd Ave. Suite 1300<br>Fort Lauderdale, Florida 33394<br>Telephone: (954) 990-4459<br>Facsimile: (954) 990-4469<br>**Attorneys for Plaintiff** | Richard A. Beauchamp, Esq.<br>rbeauchamp@panzamaurer.com<br>PANZA, MAURER & MAYNARD, P.A.<br>Nova Southeastern University<br>Bank of America Building, Third Floor<br>3600 North Federal Highway<br>Fort Lauderdale, FL 33308<br>Telephone: (954) 390-0100<br>Facsimile: (954) 390-7991<br>**Attorneys for Defendant Nova Southeastern University, Inc.** |

s/Joyce Ackerbaum Cox
Joyce Ackerbaum Cox

606432778.3